■ NATIONAL CARLOADING CORPORATION, Plaintiff, v. MIDWEST HAULERS, INC., et al., Defendants. (Action No. 1.) AMERICAN HOME PRODUCTS CORP., Respondent-Appellant, and AYERST LABORATORIES et al., Respondents, v. NATIONAL CARLOADING CORPORATION et al., Defendants-Appellants. NATIONAL CARLOADING CORPORATION, Defendant and Third-Party Plaintiff-Respondent-Appellant, v. MIDWEST HAULERS, INC., Third-Party Defendant-Appellant. (Action No. 2.) — Order, Supreme Court, New York County, entered on August 11, 1972, denying " this motion by defendant Quinn for leave to reargue ", unanimously reversed, on the law, without costs and without disbursements, the motion treated as one for leave to renew and as such granted, and upon

renewal so much of the order entered on March 16, 1972 as granted plaintiff in action No. 2's motion for partial summary judgment against Quinn reversed and the application for such relief denied, and otherwise affirmed. Order, Supreme Court New York County, entered on March 16, 1972, insofar as it denied National's cross motion for leave to amend its complaint in the form proposed in action No. 1, and to amend its answer and third-party complaint in the form proposed in action No. 2, unanimously reversed, on the law, without costs and without disbursements, and the cross motion granted. Appeals pertaining to so much of said order as granted partial summary judgment in favor of plaintiff in action No. 2, American Home Products Corp., unanimously dismissed as academic, without costs and without disbursements. Special Term erred in treating defendant Quinn's motion as one for reargument rather than renewal. Our reversal of that order renders academic the appeals from so much of the earlier order as granted partial summary relief to American Home Products Corp. and denied its request for further summary relief. Upon its motion to renew Quinn came forward with sufficient facts to create triable issues including an issue as to the relationship between it and National. It is noted that, in addition to signing the standard forms of bills of lading on the line bearing the designation " Agent ", Quinn showed that National billed the shipper for freight including Quinn's services, and that it, Quinn, was operating for a defunct motor express company, pursuant to I.C.C. permission, under an agreement between the defunct company and National which allegedly created the former as an agent of the latter. Similarly, sufficient was shown by National as to entitle it to amend its pleadings to withdraw any admissions of damage to the subject shipment. National produced an affidavit of a former employee who had physically inspected the trailer in Chicago when it was first opened and the extinguished fire discovered. He attested to the fact that the allegedly damaged cargo had been stored many feet from the area of the limited fire, and that physical inspection thereof failed to reveal burning, scorching or smoke damage on the cartons' exteriors or freezing or breakage of bottles within several cartons examined. The fact that the cartons, boxes and drugs were destroyed by plaintiffs in action No. 2 at a time before any pleadings had been served herein is not a bar to the relief sought by National, especially so when it is considered that such an application should be liberally treated. Concur — Markewich, J. P., Nunez, Tilzer and Capozzoli, JJ.